UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY ADAMS,<br><br>                          Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                          Defendant. | Case No.:  3:25-cv-01205-JAH-DEB<br><br>**ORDER ENTERING JUDGMENT AGAINST DEFENDANT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**[ECF Nos. 12, 16]** |

**INTRODUCTION**

Pending before the Court is Plaintiff Peggy Adams' ("Plaintiff") Motion for Attorney Fees and Costs pursuant to the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 16 ("Motion" or "Mot."). Defendant Midland Credit Management, Inc. ("Defendant" or "Midland") opposed the motion. ECF No. 18 ("Opposition" or "Opp'n"). Plaintiff filed a reply. ECF No. 19 ("Reply"). After a thorough review of the record, and for the reasons described below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

On May 12, 2025, Plaintiff, a debtor, filed a lawsuit seeking to recover damages against Defendant, a debt collector, for alleged violations of the FDCPA, 15 U.S.C. § 1692, *et seq*. ECF No. 1. On August 5, 2025, Plaintiff accepted Defendant's offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). ECF No. 12. The parties were unable to resolve Plaintiff's award of attorney costs and fees pursuant to § 1692k(a)(3). Mot. at 7. On August 26, 2025, Plaintiff filed this Motion. ECF No. 16. Plaintiff asks the Court

1

to award $17,476.32[1] ($16,650 in attorney fees and $826.32 in costs). Reply at 11. Defendant asks the Court to reduce Plaintiff's award to $6,435.00. Opp'n at 8, 17.

## LEGAL STANDARD

Generally, litigants must pay for their own attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). An exception to the rule, known as a "fee shifting statute," allows prevailing parties to recover their attorneys' fees from the opposing side. *Id.* (internal quotation marks and citation omitted). The FDCPA is a fee-shifting statute that makes violating debt collectors liable to prevailing debtors for "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* (citing 15 U.S.C. § 1692k(a)(3)). "The FDCPA's statutory language makes an award of fees mandatory. *Id.* (citation omitted).

To calculate awards for attorneys' fees, courts must use the "lodestar" method, and "the amount of that fee must be determined on the facts of each case." *Id.* (citations omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Generally, "the lodestar figure is presumptively a reasonable fee award," but courts may "adjust the lodestar to account for other factors which are not subsumed within it." *Id.* In rare cases, courts may make upward or downward adjustments to the lodestar based on the *Kerr* factors[2]. *Id.* at 982. In such cases, courts must calculate the lodestar first, then adequately explain the reasons for departing from it. *Id.* (citations omitted).

For part one of the lodestar calculation, the attorney's hourly rate, courts have "a great deal of discretion in determining the reasonableness of the fee." *Id.* (quoting *Gates*

---

[1] In her Motion, Plaintiff requests $13,410 in attorney fees and $480 in costs. Mot. at 7. In her Reply, Plaintiff requests an additional $3,240 in attorney fees and $346.32 in costs. Reply at 11.

[2] Relevant factors include, in part: preclusion of other employment by the attorney due to accepting the case; time limitations imposed by the client or circumstances; and the undesirability of the case. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

3:25-cv-01205-JAH-DEB

*v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).  To determine the reasonable fee, courts must identify the relevant community and consider "the prevailing hourly rate in that community for similar services by lawyers of reasonably comparable skill, experience and reputation . . . ."  *Id.* at 979.  "[T]he relevant community is the forum in which the district court sits."  *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Rates from outside the relevant community are only used if local attorneys are unable or unwilling to properly handle the case.  *Id.*  Further, courts should not "rel[y] on cases decided years before the attorneys actually rendered their services."  *Id.* at 981. (citing *Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003)) (holding that it was an abuse of discretion to apply market rates in effect more than two years before the work was performed).  Also, courts may consider awarded fees in cases of similar difficulty or complexity and need not "rely[] solely on FDCPA cases in determining the prevailing market rate."  *Id.* (citations omitted).

The prevailing party carries the burden to produce satisfactory evidence that the requested rates are in line with those of reasonably comparable attorneys in the relevant community.  *Id.* at 980 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  Affidavits from the prevailing party's attorneys and other attorneys in the community, as well as rate determinations in other cases, "are satisfactory evidence of the prevailing market rate."  *Id.* (citation omitted).  "However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate."  *Id.*  The opposing party carries the burden of rebuttal to submit evidence challenging the accuracy and reasonableness of the facts asserted by the prevailing party.  *Id.* (citing *Gates*, 987 F.2d at 1397-98).

For part two of the lodestar calculation, "[d]etermining the number of hours reasonably expended requires considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."  *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal quotation marks and citation omitted).  In statutory fee cases, courts "have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  *Camacho,* 523 F.3d at 981. (internal quotation marks and

citation omitted). "[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id.* (citations omitted). To that end, a prevailing party "may also seek the additional fees and costs [] incurred in litigating [] fees and costs." *Afewerki v. Anaya Law Group*, 779 F. App'x 449, 452 (9th Cir. 2019).

## **DISCUSSION**

### **I.      Reasonable Fee**

To calculate the lodestar, Plaintiff proposes a rate of $450/hr. Declaration of Ely Grinvald ("Grinvald Decl."), ECF No. 16-2, Ex. 2 at ¶ 6; Reply at 4. Defendant opposes that proposed rate and asks the Court to reduce the rate to $325/hr. Opp'n at 17.

For her proposed fee, Plaintiff incorrectly applies market rates typical for attorneys in Los Angeles to her case. Mot. at 17 ("As a major metropolitan area with elevated cost of living, the Los Angeles, California market rate necessarily skews to the higher end of that range."). Los Angeles is in the Central District of California, whereas Plaintiff's case was filed in the Southern District of California. In her Motion, Plaintiff does not offer any evidence related to the Southern District, nor evidence explaining why local attorneys were unavailable to handle her case, thus no exception applies. *See Camacho,* 523 F.3d at 979 (citation omitted). Therefore, the Southern District is the relevant community, and the reasonable fee must be calculated using prevailing rates in the relevant community. *Id.*

As evidence to rebut Plaintiff's proposed fee, Defendant attaches to its Opposition the "2024 Real Rate Report" published by Wolters Kluwer. Declaration of Kathryn J. Richards ("Richards Decl."), ECF No. 18-1 at ¶ 8, Ex. E ("Rate Report"). The Rate Report is a national publication that touts itself as "[t]he industry's leading analysis of law firm rates, trends, and practices." Rate Report at 1. "This report has been cited with approval by courts inside and outside this district." *Erhart v. BofI Federal Bank*, Case No. 15-cv-02287-BAS-NLS, 2023 WL 6382460, at *14 (S.D. Cal. Sept. 28, 2023) (internal quotation

3:25-cv-01205-JAH-DEB

marks and citations omitted). As such, the Court finds the Rate Report to be a reliable and instructive source to assist with calculating a reasonable fee in this case[3].

San Diego is the city where this district court sits, and Plaintiff's case was filed here on May 12, 2025. Plaintiff's counsel Mr. Grinvald began practicing in California in 2012 and began representing consumers as a solo practitioner in December 2023. Grinvald Decl., Ex. 2 at ¶¶ 1, 12. According to the Rate Report, the median rate for litigation partners in San Diego is $400/hr. Rate Report at 22. The median rate for litigation associates in San Diego is $250/hr. *Id.* Based on his years of experience and status as a solo practitioner, the Court finds that a reasonable rate is $325/hr, the average of the two median rates for litigation attorneys in San Diego.

**II.    Reasonable Number of Hours Spent on Litigation**

"[T]he determination of fees should not result in a second major litigation." *Fox v. Vice,* 563 U.S. 826, 838 (2011). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Id.* "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.* "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

To calculate the lodestar, Plaintiff's counsel claims to have spent 30.8 hours working on this case. Mot. at 16; ECF No. 16-2 at 7-11. Defendant argues that these hours are unreasonable on five grounds and asks the Court to reduce the hours worked to 19.8. Opp'n at 14-17.

First, Defendant argues that Plaintiff's counsel's claim to have spent 3.9 hours drafting the complaint is excessive in this case. Opp'n at 14. Second, Plaintiff's counsel "billed numerous 0.1-hour increments for simple tasks such as receiving and reviewing

---

[3] In her Motion, Plaintiff references the "United States Consumer Law Attorney Fee Survey Report 2017-2018." *See* Mot. at 16-18. Given that report was published more than five years before this case was filed, the Court does not find it to be an appropriate source here. *See Camacho,* 523 F.3d at 981.

routine documents." *Id.* Third, it was unreasonable for Plaintiff's counsel to have spent "over [two] hours in connection with drafting a routine motion to strike Midland's affirmative defenses." *Id.* at 16. Fourth, Defendant's settlement offer was rejected. *Id.* Fifth and finally, Defendant argues that it was unreasonable for Plaintiff's counsel to have spent over 10.5 hours related to this Motion. *Id.* at 17. In sum, Defendant asks the Court to subtract two hours for preparing the complaint, two hours for improper 0.1 billing increments, two hours for preparing the motion to strike, and five hours for preparing this Motion. *Id.*

The Court finds Defendant's arguments unavailing. To argue excessive hours spent on Plaintiff's complaint, Defendant cites a case involving a default judgment in a civil rights case where injunctive relief was requested. *Id.* at 14-15; *see Whitaker v. Bellaire Reseda Props., LLC*, Case No. CV 19-9529-DMG, 2021 WL 3619876 (C.D. Cal. Aug. 5, 2021). To distinguish, this case involves statutory damages that were ultimately resolved through a Rule 68(a) offer of judgment. Regarding excessive 0.1 billing, the Court finds that Plaintiff's counsel tracked, but did not bill, several 0.1 entries that could be considered "routine." *See* ECF No. 16-2 at 7-11 (e.g. "Review email from clerk re notice of OOJ acceptance;" "Review Order from court;" "File notice to enter judgment against Midland"). Regarding the motion to strike draft, Defendant appears to argue that because Plaintiff never filed the motion, Plaintiff's counsel unreasonably spent time drafting said motion. Opp'n at 16. Defendant does not cite, and the Court is unaware, of a law that reduces attorney compensation for a draft of a motion that ultimately does not get filed. Related, Defendant does not cite, and the Court is unaware, of a law that reduces attorney compensation for working on a case following a failed settlement. Finally, the case Defendant cites to argue against the amount of time Plaintiff's counsel spent on this Motion is easily distinguishable. Opp'n at 17; *see Kalani v. Starbucks Corp.*, Case No. 13-CV-00734-LHK, 2016 WL 379623 (N.D. Cal. Feb. 1, 2016) (where plaintiff's requested fees for preparing the fee motion were 34.3 hours and included "substantial time spent by an experienced paralegal").

3:25-cv-01205-JAH-DEB

After reviewing Plaintiff's counsel's time entries, ECF No. 16-2 at 7-11, and for the reasons stated above, the Court finds that 30.8 hours spent on the case and this Motion is reasonable.  Further, the Court finds that 7.2 hours spent "for the review and analysis of [Defendant's] Opposition, and preparation of [the] Reply brief" is also reasonable.  Reply at 11; ECF No. 19-1 at ¶ 4.  This totals 38 hours spent on this litigation.

**III.    Lodestar Calculation and Costs**

As stated *supra*, the Court finds the lodestar calculation to be a rate of $325/hr multiplied by 38 hours, for a total of $12,350 in attorney fees.  Plaintiff requests $480 in costs for the Motion and Defendant does not oppose.  Opp'n at 6.  Therefore, the Court awards Plaintiff a total of $12,830 in fees and costs.

Finally, Plaintiff also requests $346.32 in costs for courtesy copies provided to the Court for the Motion and Reply.  Reply at 11.  According to Local Rule 54.1(b)(6)(b), "[t]he cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable."  Therefore, Plaintiff's request for an additional $346.32 is denied.

<strong><u>CONCLUSION</u></strong>

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Attorney Fees and Costs is GRANTED IN PART and DENIED IN PART;

2) Judgment is entered against Defendant in the total sum of $2,100, plus $12,830 in reasonable attorney fees and costs; and,

3) The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

Dated:  March 30, 2026

Hon. John A. Houston
United States District Judge

3:25-cv-01205-JAH-DEB